## MATEER vs. BROWN.

| 1 | 231 |
| 81 | 469 |

This court retains control of a cause on appeal, until the *remittitur* is filed with the court below.

The case of *Grogan & Lent* v. *Ruckle,* (*ante, p.* 193,) affirmed.

Where a judgment is founded in part on incompetent evidence, it will be reversed on appeal, unless it can be clearly seen that the improper evidence could have had no influence on the minds of the jury.

THIS was a re-hearing of the case of *Mateer* v. *Brown,* (*ante, p.* 221.)

*Calhoun Benham,* for plaintiff.

*Mr. Parburt,* for defendant.

*By the Court,* BENNETT, J. A re-hearing having been granted in this case, it has been a second time argued. It is objected that the court has not the power to review its former judgment. The *remittitur* not having been sent to, nor filed with, the court below, we still have control over the cause. (*See Grogan & Lent* v. *Ruckle, ante, p.* 193, *and cases there cited.*)

The counsel for the plaintiff asks us to modify our former

judgment, and decide that certain facts were proved at the trial, by evidence independent of that which we held in our former decision to be incompetent. The determination whether such facts were proved or not, was peculiarly within the province of the jury, or the district court sitting as a jury. What weight the improper evidence had on the mind of the district judge in coming to the conclusion which he arrived at, we cannot determine; and where a judgment is founded in part on incompetent evidence, unless we can clearly see that it had no effect, the judgment is erroneous. (*Trimble* v. *Thorner*, 16 *John.* 89; *Osgood* v. *Manhattan Co.* 3 *Cow.* 612.) Our former decision must stand.

Ordered accordingly.