FRANCIS ROWLAND *v.* GUSTAVUS KREYENHA-
GEN, LOUIS LEUDEN, PATRICK BRODERICK,
*and* JACOB RICH, AND GUSTAVUS KREYENHA-
GEN *v.* FRANCIS ROWLAND, W. M. BURGOYNE,
JOHN V. PLUME, AMIDEE PASTARE, THERESE
GEONNI, FERDINAND CERESA, *and* ROBERT
MILLS.

DISMISSAL OF APPEAL—EFFECT OF.—A dismissal of an appeal by the Supreme
Court is, in legal effect, an affirmance of the judgment of the Court below, as con-
clusive and binding upon the parties and the Court as a direct judgment of affirm-
ance, unless the appellant obtains an order setting aside the dismissal and
reinstating his appeal before the adjournment of the term.

REMITTITUR—EFFECT OF ISSUANCE.—When a remittitur has been duly and regularly
issued from the Supreme Court, and filed in the Court below, and all the proceed-
ings have been regular, the Supreme Court loses all jurisdiction over the case, and
from that time can exercise no further control.

FRAUD IN PROCURING DISMISSAL OF APPEAL.—If, however, any fraud or imposition
has been practiced upon the Court or the opposite party by the party procuring
the dismissal, or the order of dismissal has been improvidently granted upon a
false suggestion, or under a mistake as to the facts of the case, the appellate
Court will recall the remittitur and stay proceedings in the Court below, and
assert its jurisdiction even after the adjournment of the term, upon the ground
that its jurisdiction cannot be divested by an irregular or an improvident order,
and that the order is a nullity.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

On the 10th day of October, 1863, the following certifi-
cates were filed in the Supreme Court:

"In the District Court of the Fourth Judicial District, in
and for the City and County of San Francisco, and State of
California.

"FRANCIS ROWLAND *v.* GUSTAVUS KREYENHAGEN *et. al.*

"I, William Loewy, Clerk of said Court, do hereby cer-
tify. that the judgment in this action was rendered on the
17th day of September, 1862, in favor of the plaintiffs, for

the possession of real estate described in the complaint, with $2,132 10 damages and costs; that a motion for a new trial was made on the 21st of November, 1862, and on the 27th of April, 1863, the same was denied by the Court; that on the 3d of June, 1863, an appeal was perfected herein by the defendants; that no statement on appeal has been filed; that no transcript of the record has been made out; that the attorney for the appellants requested said transcript on the 9th of June, 1863; that the fees therefor have not been paid or tendered, and the same has not been made.

"In witness whereof, I have hereunto set my hand and the seal of the said Court, this 9th day of October, 1863.

"WM. LOEWY, Clerk,

"Per JAMES E. ASCHCOM, D. C."


"In the District Court of the Fourth Judicial District, in and for the City and County of San Francisco, and State of California.

"GUSTAVUS KREYENHAGEN v. FRANCIS ROWLAND et. al.

"I, William Loewy, Clerk of said Court, do hereby certify, that the judgment in this action was rendered on the 15th day of September, 1862, against said Kreyenhagen and in favor of said Rowland, dismissing the complaint, and for the costs; that a motion for a new trial was made herein on the 21st of November, 1862, and on the 27th of April, 1863, the same was denied by the Court; that an appeal herein was perfected by the plaintiff on the 3d of June, 1863; that no statement has been filed on appeal; that no transcript of the record has been made out; that the attorney for the appellant requested said transcript on the 9th of June, 1863; that the fees therefor have not been paid or tendered, and the same has not been made.

"In witness whereof, I have hereunto set my hand and the seal of the said Court, this 9th day of October, 1863.

"WM. LOEWY, Clerk,

"Per JAMES E. ASCHCOM, D. C."

Upon these certificates the appeals were dismissed. The appellants made no motion to reinstate the cases on the calendar during the October term, nor on the first Tuesday in November, as they were allowed to do by the order made at the close of the October term.

The remittiturs were regularly issued in accordance with the 22d rule of the Court.

The following is the order made by Mr. Justice CROCKER and Mr. Justice NORTON, in San Francisco:

"In the Supreme Court of the State of California.

"FRANCIS ROWLAND v. GUSTAVUS KREYENHAGEN.

"GUSTAVUS KREYENHAGEN v. FRANCIS ROWLAND.

"On reading and filing the affidavits of Herman Michels, George E. Whitney, Benj. S. Brooks, Wm. Loewy, Wm. R. Satterlee, and L. J. Lee, and on motion of B. S. Brooks, Esq., of counsel for the appellants, it is ordered that the Clerk of the Fourth District Court return to the Clerk of this Court the remittiturs or certified copies of the orders heretofore made, dismissing the appeals in these two cases; and it is further ordered, that the attorneys of the respondents show cause before the Supreme Court of the State of California, at the Court-room thereof, in Sacramento, on the 29th day of December, 1863, at 11 o'clock A. M., or as soon thereafter as counsel can be heard, why the said orders should not be vacated, and the said causes reinstated, and placed upon the calendar of said Court, on the ground that the said orders were obtained upon false suggestion and mistake, and were improvidently granted, and on the ground of the merits

set forth in said affidavits; or why such other or further order should not be made as to this Court shall seem meet; and in the meanwhile let all proceedings be stayed.

"CROCKER, J.,
"NORTON, J."

The other facts are stated in the opinion of the Court.

*Brooks & Whitney*, for Appellant.

It never has been decided by any appellate Court that the appellate Court had not power to reinstate an appeal which had been dismissed for want of filing the return or transcript in due season. (*Waters v. Travers*, 8 Johnson, 566; *Chamberlain v. Fitch*, 2 Cowen, 243; *Wynn v. Wyatt*, 11 Leigh, 584; *Knight v. Bean*, 1 Appleton, 259; *Reynolds v. Stansbury*, 20 Ohio, 344; *Scott v. Scott*, 5 Mich. 106; *Rochester v. Roberts*, 5 Fost. N. H. 495; *Holrenback v. Martin*, 28 Geo. 73; *King v. Hampton*, 3 Haywood, 60; *Thornton v. Cerbyn*, 3 Call, 332; *Crocker v. West*, 4 Munf. 299; *Craigen v. Thorn*, 3 H. & M. 269; *Allen v. Joice*, 3 Halst. 135.)

And note the distinction between an order of dismissal and a judgment. (*Lightstone v. Laurencel*, 2 Cal. 106; *Slack v. Edwards*, id. 162; *Haight v. Gay*, 8 Cal. 300; *Swain v. Naglee*, 19 Cal. 127; *Norriega v. Knight*, 20 Cal. 172; *Real Estate B'k v. Rizzel*, 4 Pike, 189; *Gilmore v. Brenham*, 4 La. Ann. 414; *Furgerson v. Rays*, 1 N. J. 431; *Culvert v. Walker*, 3 Texas, 14; *Hannon v. The State*, 9 Gill. 440; *Marysville v. Buchanan*, 3 Cal. 214; *McMillan v. Richards*, 12 Cal. 467.)

*Edward Tompkins*, for Respondent.

This Court has lost all jurisdiction. The appeal was regularly dismissed pursuant to rules three and four of this Court. The certificate of the Clerk corresponded with the rule precisely, and no application was made to restore the appeal during the same term. By statute, the term continued, or might do so, until the fourth Saturday after its commence-

ment on the first Monday of October.    (See Act concerning
the Courts of Justice, etc.; Bancroft's Practice Act, page 545,
§ 9; Wood's Digest, page 148, § 9.)    This motion was not
made until the 29th of December, two months after the term
had ended.

The filing of the remittitur in the Court below transferred
the cause back to that Court, and this Court had as much
power over any other cause pending there, as over this one.
If two Justices of this Court, absent from Sacramento, where
the law requires this Court to hold its terms, may make an
*ex parte* order staying proceedings in any cause in the Fourth
District Court, they may in every cause.    If by an order to
the *Clerk* of that Court, they may, without any concurrence
or action of that Court, divest it of its jurisdiction over an
action that is pending before it, or in which it has entered
judgment, and issued process to enforce it, in any case, they
may in every case, and instead of an appellate Court, it
becomes a Court of summary and general jurisdiction, or
rather, the Justices thereof become vested with a migratory
and arbitrary power greater than has ever been claimed by
the Court itself.

That an *appellate* Court has no jurisdiction over actions
*except while they are in it,* would seem to be too clear to require
an authority.    The cases are numerous.    (*Blanc* v. *Bowman,*
22 Cal. 23; *Leese* v. *Clark,* 20 Cal. 387; *Martin* v. *Wilson,* 1
Comstock, 240; *Delaplaine* v. *Bergen,* 7 Hill, 591; *Legg* v.
*Overbaugh,* 4 Wendell, 188; *Browden* v. *McArthur,* 7 Whea-
ton, 58.)

By the Court, SANDERSON, C. J.

On the 3d day of June, 1863, appeals were taken in these
actions from the Fourth District Court.    On Saturday of the
first week of the following October term of this Court, the
transcripts not having been filed, the appeals were dismissed
upon the certificate of the Clerk of the Fourth District
Court that the fees for making up the transcripts had not

been paid or tendered, and the transcripts had not been delivered to appellant's attorney.   As this Court was about to adjourn, an order was made and published that motions to reinstate cases dismissed, pursuant to the third and fourth rules of the Court, might be made on the first Tuesday in November following, and directing that remittiturs, in such cases, should not issue until after that time.   About the last of November the remittiturs in the two cases under consideration were issued, and filed in the Court below, and judgments were entered thereon and executions issued.   On the 20th day of December following, Mr. Justice Crocker and Mr. Justice Norton, being in San Francisco, signed an order directing the Clerk of the Fourth District Court to return the remittiturs to the Clerk of this Court, and further directing the attorney for respondent to show cause before this Court, at a time therein designated, why the orders dismissing the appeals should not be vacated, and the cases reinstated and placed upon the calendar of this Court, on the ground that said orders were obtained upon false suggestion and mistake, and were improvidently granted; and further directing that all proceedings in the Court below be stayed until the further order of the Court. At the hearing the late Supreme Court vacated the orders of dismissal, and reinstated the appeals.   A petition for a rehearing was filed, which was granted by the present Court, and has been had.

The third rule of this Court provides, that if the transcript be not filed within the time prescribed by the second rule, the appeal may be dismissed, *ex parte*, during the first week of the term, and that such dismissal shall be final and a bar to any other appeal in the same case, unless the appeal be restored during the same term upon good cause shown, and upon notice to the opposite party.

Under this rule a dismissal, in legal effect, must be held

8

to be a judgment of affirmance, which becomes final upon the failure of the appellant to obtain an order setting it aside, and reinstating his appeal, before the adjournment of the term.   Unless a final judgment, it could not be held, as expressly provided in the rule, to be a bar to any other appeal in the same case.   Therefore, the power of the Court over such an order cannot be greater than its power over other judgments which are, in form, judgments of affirmance or reversal.

After adjournment the orders of dismissal are placed in the same category as other judgments, and are equally conclusive and binding upon the parties and the Court, and can be vacated only upon like principles.   Such being the case, we have only to determine whether, after the adjournment of the term and the going down of the remittitur, this Court has any further jurisdiction over its judgments, and if so, upon what grounds it rests and under what circumstances it will be exercised.   In *Grogan* v. *Ruckle*, 1 Cal. 193, the general rule was laid down that this Court loses jurisdiction of the cause when the remittitur has been sent to and filed in the Court below; but that its control over the cause does not cease until that has been done.   In that case the remittitur had been sent to the Court below after a rehearing had been granted, and the Court held that it had been improperly sent, and, therefore, could not supersede the order granting a rehearing.   The rule in this case was afterwards affirmed in *Mateer* v. *Brown*, 1 Cal. 231.   So in *Leese* v. *Clark*, 20 Cal. 387, it was held that this Court has no appellate jurisdiction over its own judgments, and cannot review or modify them after the case has once passed from its control by the issuing and filing of the remittitur in the Court below.

The same doctrine was held in *Blanc* v. *Bowman et al.*, 22 Cal. 23, in which case Mr. Justice Crocker cites and approves all the cases now referred to.

In *Martin* v. *Wilson*, 1 Comstock, 240, a motion was made to open a judgment of affirmance, rendered at the previous

term of the Court, and affidavits excusing the default were read in support of the motion; but it appearing that the remittitur had been sent to and filed in the Court below, the Court held that it had lost jurisdiction, and denied the motion upon that ground.

In *Delaplaine et al.* v. *Bergen*, 7 Hill, 591, a like motion was made, and affidavits, showing merits, and that the writ of error was brought and prosecuted in good faith, were read in support of the motion, yet, it appearing that the default was regular, the motion was denied.

It is apparent from these authorities (and many others of like import which might be cited) that, as a general rule, this Court cannot exercise any jurisdiction over a cause in which the remittitur has been issued by its order and filed in the Court below. The office of the remittitur is to return the proceedings which have been brought up by the appeal to the Court below, and when the remittitur has been duly filed, the proceedings from that time are pending in that Court, and not in this; and, in regard to them, it is not competent for this Court to make any further order.

But this general rule rests upon the supposition that all the proceedings have been regular, and that no fraud or imposition has been practiced upon the Court or the opposite party; for if it appears that such has been the case, the appellate Court will assert its jurisdiction and recall the case. Against an order or judgment improvidently granted, upon a false suggestion, or under a mistake as to the facts of the case, this Court will afford relief after the adjournment of the term; and will, if necessary, recall a remittitur and stay proceedings in the Court below. This is not done, however, upon the principle of resumption of jurisdiction, but upon the ground that the jurisdiction of the Court cannot be divested by an irregular or improvident order. In contemplation of law, an order obtained upon a false suggestion is not the order of the Court, and may be treated as a nullity. If, under color of such an order, the proceedings

have in part found their way back to the Court below, yet in law they are considered as still pending in the appellate Court, and that Court may take such steps as may be necessary to make the fact and law agree.

These views are fully sustained by the numerous authorities cited on the argument by counsel for appellant.

In all of those cases, where the order or judgment was vacated, and the appeal reinstated, the reason assigned by the Court for its action is, that the order or judgment had been *irregularly* made; that is, made upon a false suggestion, or under a mistake as to the facts of the case. The views here expressed seem also to have been entertained by counsel for appellant when he drew the order directing the respondent to show cause why the order of dismissal should not be vacated, and the cases reinstated; for he asks that the orders may be set aside on the ground that they were obtained upon *false suggestion* and mistake, and were improvidently granted.

Voluminous affidavits in support of and in opposition to the motion are presented. We deem it unnecessary to discuss them for the purpose of showing the process by which we have arrived at a conclusion upon them adverse to the appellant. It is sufficient to say that we are satisfied that the orders dismissing the appeals in these cases were not irregularly or improvidently granted.

From what has been said, it follows that the order recalling the remittitur, and staying proceedings in the Court below, must be vacated, and the motion to set aside the orders of dismissal and reinstate the appeals, denied.

Ordered accordingly.

Mr. Justice SAWYER expressed no opinion.