[No. 20921.   In Bank. — January 21, 1893.]

THE PEOPLE, RESPONDENT, *v.* WILLIAM McDER-
MOTT, APPELLANT.

APPEAL — REMITTITUR — JURISDICTION. — When a *remittitur* has been regu-
larly issued by the supreme court, and filed, and there has been no vio-
lation of law or of the rules of this court in ordering the *remittitur*, and
no mistake of facts and no fraud or imposition practiced by the prevail-
ing party upon the court or upon the losing party, the jurisdiction of
the supreme court is at an end, and the judgment final.

ID. — AFFIRMANCE FOR FAILURE OF APPELLANT TO APPEAR — INADVER-
TENCE OF COUNSEL — RECALL OF REMITTITUR. — Where a judgment has
been affirmed because of the failure of the counsel for the appellant to
file a brief or appear at the hearing, and a *remittitur* has been issued to
the trial court, the supreme court has no power to recall the *remittitur*
and reinstate the appeal, where the failure of the counsel for appellant
to appear was solely due to inadvertence upon their part.

ID. — CALENDAR OF CRIMINAL CAUSES. — Criminal causes are regularly
placed on the first calendar of the supreme court made up (whether for
Sacramento, Los Angeles, or San Francisco) after the records are filed,
regardless of the county in which the case was tried.

MOTION in the Supreme Court to recall a *remittitur*
and reinstate an appeal.   The facts are stated in the
opinion of the court.

*Blackstock & Shepherd,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

BEATTY, C. J. — This is a motion to recall the *remit-
titur* and reinstate the appeal in a cause wherein the
judgment was affirmed without examination of the rec-
ord by reason of the failure of counsel for appellant to
file a brief or to appear at the time set for the hearing.
The facts of the case are as follows: February 18, 1892,
defendant was convicted in the superior court of Ven-
tura County of murder in the second degree; on Febru-
ary 23d he appealed; March 30th he filed the printed
transcript of the record at Los Angeles, — five days be-
fore the commencement of the April term at Los Angeles
and thirty-three days before the commencement of the
May term at Sacramento.   The cause was not placed
upon either the Los Angeles or the Sacramento calen-

dar, but was placed upon the calendar for the July term at San Francisco, and set down for hearing on July 27th. On that day, there being no brief on file, and no appearance of counsel for appellant, the judgment and order appealed from were, on motion of the attorney-general, affirmed. (Pen. Code, sec. 1253.) After the expiration of thirty days, a *remittitur* was issued, and was, we presume, filed with the clerk of the superior court of Ventura County, though the papers before us do not show that fact. At the Los Angeles term in October, this motion was submitted upon affidavits, which show that the failure of counsel for appellant to appear in his behalf on the day set for the hearing of his appeal was solely due to inadvertence upon their part. It seems that counsel, recognizing the fact that the record was filed too late for the Los Angeles calendar, requested the deputy clerk there to have the cause placed on the Sacramento calendar. In the last week of April, in response to their inquiry, the clerk informed them that the cause was not on the Sacramento calendar, whereupon they assumed that it would not be heard until the October term at Los Angeles, and never knew that it had been placed upon the San Francisco calendar until September 7th, when they learned that the judgment had been affirmed.

The question arising upon this state of facts is, whether this court has any power to recall the *remittitur* and reinstate the appeal; whether, in other words, we have not lost all jurisdiction over the cause by the issuance of the *remittitur* and its filing in the superior court.

It is the settled law of this state that when a *remittitur* has been regularly issued and filed, when there has been no violation of law or of our own rules in ordering the *remittitur*, no mistake of facts and no fraud or imposition practiced by the prevailing party upon the court, or upon the losing party, our jurisdiction over the cause is at an end, and our judgment final. (*Rowland* v. *Kreyenhagen*, 24 Cal. 52, and cases therein cited; *People* v. *Sprague*, 57 Cal. 147; *Vance* v. *Pena*, 36 Cal.

328; *Hanson* v. *McCue*, 43 Cal. 178.)   Here there was
no fraud or deception, no imposition or mistake, so far
as the court is concerned.   The cause was regularly
on the San Francisco calendar for July.   It might have
been placed on the Sacramento calendar for May, and
at the request of the appellant ought to have been so
placed, but the failure to do so only rendered it more
imperatively the duty of the clerk to place it on the
July calendar (Pen. Code, sec. 1252); and by rule 15 of
the old rules of this court, which remained in force un-
til July 1, 1892, and after the July calendar was made
up, it was the duty of the clerk to put the case on that
calendar.   Being a criminal case, it did not belong to
the Los Angeles calendar, by reason of the fact that
Ventura is one of the counties whose civil causes are
assigned to the Los Angeles district.   Criminal causes
are regularly placed on the first calendar made up
(whether for Sacramento, Los Angeles, or San Fran-
cisco) after the records are filed, regardless of the county
in which the charges were tried.

Upon these grounds, the motion must be denied, and
it is so ordered.

GAROUTTE, J., McFARLAND, J., DE HAVEN, J., HARRI-
SON, J., and PATERSON, J., concurred.