[S. F. No. 15,857.   Department One.—October 28, 1905.]

HORACE W. PHILBROOK, Substituted for Ira P. Rankin, as Administrator of the Estate of JOHN LEVINSON, Deceased, Appellant, v. WILLIAM J. NEWMAN et al., Respondents.

APPLICATION TO VACATE FORMER DECISION UPON APPEAL — LAPSE OF TIME — ALLEGED ERROR. — A proceeding by motion or petition to obtain an order of this court vacating, setting aside, and declaring void a former order rendered nine years previously affirming an order denying a new trial, cannot be entertained on the ground that the order was wrong as to the facts and the law.

ID.—CONCLUSIVENESS OF JUDGMENT.—The judgment of a court having jurisdiction of the subject-matter and the parties is as to the thing adjudged conclusive on all the parties, regardless of the question whether the thing was correctly adjudged or not, and is neither subject to collateral attack in any manner, nor subject to direct attack by appeal, motion, or bill of review except in the manner and within the time prescribed and allowed by law.

ID.—SUSPENSION OF ATTORNEY FOR CONTEMPT—BRIEF STRICKEN OUT— FILING BY APPELLANT—SUBMISSION ON BRIEFS—WAIVER OF ORAL

ARGUMENT.—Where, after an order suspending an attorney for contempt, and striking his brief from the files, the appellant represented by him, by leave of the court, filed and served the same brief, omitting the objectionable matter therefrom and, without employing another attorney, admitted service of respondent's brief, and failed to reply thereto, and the same was submitted in Department on the briefs on file, without oral argument, such submission was regular, regardless of the validity of the order suspending the attorney for appellant, and operates as a waiver of oral argument both in Department and under subdivision 2 of rule XXVIII, upon a subsequent hearing in Bank.

ID.—PRESENCE OF JUSTICES AT ARGUMENT.—Where a cause is submitted on briefs alone, all the justices have an equal opportunity to read the argument, and all are deemed to be present at the argument within the meaning of the provision of section 2 of article VI of the constitution, and all or any of them are qualified to join in the decision.

ID.—JUSTICES ISSUING CITATION TO ATTORNEY NOT DISQUALIFIED.—The justices of this court who concurred in issuing a citation to appellant's attorney to show cause why he should not be suspended from practice for contempt of court in the brief stricken from the files did not thereby become parties to the action or disqualified from participating in the decision of the appeal upon its merits.

ID.—JUDGMENT IN BANK—CONCURRENCE OF JUSTICES—''GROUNDS OF DECISION.''—The concurrence of four justices is necessary to pronounce a judgment of the court in Bank, but it is not necessary to the validity of such a judgment that four shall concur therein upon the same ''grounds of decision.'' The ''grounds of decision,'' though required to be stated, are not the judgment. It is sufficient that the grounds upon which the respective justices concur in the judgment are somewhere stated in the respective opinions delivered; though it must not be inferred that the judgment would be void or voidable which is concurred in by the requisite number of justices, even if three or a less number concurred in any opinion.

MOTION to vacate a judgment of the Supreme Court, the decision upon which is reported in 114 Cal. 635, [46 Pac. 742].

The facts are stated in the opinion of the court.

Horace W. Philbrook, Administrator, etc., Appellant, *in pro. per.*, for the motion.

Edward R. Taylor, and Reinstein & Eisner, for Respondents, *contra*.

SHAW, J.—The above-entitled action was begun in the superior court of the city and county of San Francisco in the name of Ira P. Rankin, who was the plaintiff's predecessor as administrator of the Levinson estate. Judgment was given by said court in favor of the defendants. The plaintiff moved the said court for a new trial of the action, and the motion was denied. From the order denying the motion the plaintiff appealed to the supreme court. Upon that appeal the supreme court affirmed the order denying a new trial, the decision being rendered on November 5, 1896. (*Rankin* v. *Newman,* 114 Cal. 635, [46 Pac. 742].) The present proceeding is an attempt by way of a motion or petition addressed to this court, to obtain an order of this court vacating, setting aside, and declaring void the decision and judgment of this court affirming the order. The petition was filed and the present proceeding begun on July 26, 1905. The application is based on nine alleged grounds or reasons, separately stated and numbered.

The first and second grounds are, in substance, that the final judgment of this court in favor of the defendants, affirming the order of the superior court, is wrong both as to the facts and the law, and that, notwithstanding the solemn judgments of the superior court and of this court to the contrary, the property sought to be recovered in the action still belongs to the estate of John Levinson, deceased; in other words, that a final judgment is conclusive of nothing, and can always and at any time be attacked upon the ground that it is erroneous, and upon such attack may be set aside, if the judge who hears the application is of a different mind from the one who gave the judgment. The theory of the petitioner appears to be that there is imposed upon the judicial power some constitutional limitation, whereby all judgments which are not inherently right and just are void or voidable, and that there is no limit of the time within which, nor of the method by which, such judgments may be set aside. This is clearly not the law. The rule that the judgment of a court having jurisdiction of the subject-matter and of the parties is, as to the thing adjudged, conclusive upon all the parties, regardless of the question whether the thing was correctly adjudged or not, that it is not subject to collateral attack in any manner whatever, and that it is not subject to direct

attack by appeal, motion, or bill of review, except in the manner and within the time prescribed and allowed by law, is too well settled to require discussion to establish it, or the citation of authority in its support. The following authorities, however, fully support both branches of the proposition: *People* v. *Holladay,* 93 Cal. 251, [29 Pac. 54, 27 Am. St. Rep. 186] ; *Wolverton* v. *Baker,* 86 Cal. 593, [25 Pac. 54] ; *Reynolds* v. *Harris,* 14 Cal. 679, [76 Am. Dec. 459] ; *Gray* v. *Dougherty,* 25 Cal. 273; *Keech* v. *Beatty,* 127 Cal. 184, [59 Pac. 837] ; *Case* v. *Beauregard,* 101 U. S. 692; *Ex parte Henshaw,* 73 Cal. 489, [15 Pac. 110] ; *Moore* v. *Martin,* 38 Cal. 436; 1 Beach on Judgments, secs. 244, 261, 262; Freeman on Judgments, 4th ed., sec. 249, p. 244; *Leese* v. *Clark,* 20 Cal. 417; *Blanc* v. *Bowman,* 22 Cal. 25; *Rowland* v. *Kreyenhagen,* 24 Cal. 59; *In re Jessup,* 81 Cal. 472, [21 Pac. 976, 22 Pac. 742, 1028] ;. *People* v. *McDermott,* 97 Cal. 247, [32 Pac. 7] ; *In re Levinson,* 108 Cal. 459, [41 Pac. 483, 42 Pac. 479].

The other grounds, in brief, are that the judgment affirming the order is void or voidable for the several reasons that the appellant was not, upon the appeal to this court, allowed the hearing to which he was entitled by law; that the judgment was given without the concurrence of any justice of this court who was present at the argument, and without any argument or waiver thereof; that the appeal was never submitted for decision; that four justices did not concur therein; that before the cause came on for argument in this court the attorney for the appellant was, by this court, improperly and unlawfully, by a void proceeding, adjudged to be suspended from practicing in this court, and was thereby prevented from appearing or presenting the appellant's case on the argument; and that four of the justices who participated in the decision were disqualified to act, because they were parties to the action and had an interest therein adverse to the appellant. The record shows facts somewhat different from these assertions. The appeal from the order denying the motion for a new trial was regularly taken, notice thereof having been duly given and filed and the proper bond executed and filed, and the transcript of the record on appeal was duly filed in this court on August 29, 1894. At that time Ira P. Rankin, as administrator of the estate of John Levinson, was plaintiff and appellant, and Horace W. Philbrook was his attorney

of record. On November 30, 1894, the opening brief for the appellant in support of his appeal, prepared by Mr. Philbrook, consisting of 441 printed pages, was filed. On January 5, 1895, in pursuance of certain proceedings in that behalf, taken by this court of its own motion, and after due citation to and appearance therein by Mr. Philbrook, he was, by this court, suspended from practicing as an attorney. On the same day the opening argument, prepared by him as aforesaid, was ordered stricken from the files, and the appellant, Rankin, was allowed thirty days within which to file points and authorities on his appeal. This time was afterwards extended ten days, and on February 12, 1895, Mr. Rankin, in person, signed and filed his points and authorities on the appeal, which consisted of precisely the same matter, in the same imprint, as the brief of Mr. Philbrook which had been stricken from the files, except some sixty pages which were eliminated. On April 2, 1895, respondents' brief was personally served upon the appellant and filed. The appellant filed no reply brief, took no steps, so far as the record shows, to·obtain the services of another attorney, and did not at any time, after the order suspending Mr. Philbrook, or before, procure another attorney to be substituted for him as attorney of record for the appellant. The cause was thereupon regularly placed on the calendar of this court in Department Two for hearing at its second regular session of 1895, and August 14, 1895, was fixed as the day for the presentation thereof. On that day no.oral argument was made by either party, and, in accordance with the usual practice, an order was made that it be submitted on the briefs on file. Thereafter Mr. Rankin resigned as administrator of the Levinson estate, and Mr. Philbrook was duly appointed and qualified as his successor in that trust, and on October 7, 1895, Mr. Philbrook, as such administrator, was duly substituted in this court in place of Mr. Rankin as the plaintiff and appellant in the cause. On March 17, 1896, the justices in Department not having agreed upon a decision, the submission to the Department was set aside, and under subdivision 2 of ruls XXVIII, 130 Cal. xlvii [64 Pac. xii], then in force, the cause was ordered submitted to the court in Bank for decision. The subdivision, so far as pertinent, is as follows: ''A cause submitted to a Department without oral argument shall be deemed to be a waiver

of an oral argument of the same in Bank, if for any reason the same is thereafter ordered to be heard in Bank.'' On November 5, 1896, the cause was decided by the court in Bank, affirming the order appealed from; Justices Garoutte, Mc-Farland, Van Fleet, Henshaw, and Temple, and Chief Justice Beatty concurring in the judgment of affirmance. Within thirty days thereafter a petition for rehearing, upon substantially the same grounds as that now before the court, was filed by Mr. Philbrook, as appellant, and this petition was denied on December 5, 1896. There were never any parties to the action other than Mr. Rankin, as administrator, and his successor, Mr. Philbrook, as plaintiff and appellant, and the above-named defendants, who were also the respondents.

The particular facts thus disclosed by the records are not disputed. The propositions of the petitioner are founded entirely on construction and theory. He contends, first, that the order of January 5, 1895, suspending him from practicing as an attorney, was absolutely void. On the assumption that the suspension was void and wholly without effect, the further argument is made that by reason thereof the court somehow lost jurisdiction of the appeal of Rankin in the case of *Rankin* v. *Newman;* that no valid order or judgment could thereafter be made in the cause by this court, unless it first allowed Mr. Philbrook, or some attorney for the appellant, to appear and argue in opposition or in favor thereof, and that as he was not thereafter allowed to appear as attorney on the appeal, and no other attorney was substituted for him, all the subsequent proceedings and the final judgment of affirmance are also absolutely void; that hence there was, in law, no hearing or submission of the cause; that as there was no hearing, there were no justices present at any hearing; and hence that under section 2 of article VI of the constitution and section 45 of the Code of Civil Procedure there were no justices qualified to decide the case.

We deem it entirely unnecessary to here consider the question presented as to the invalidity of the order suspending Mr. Philbrook from practicing as an attorney. The following is a sufficient answer to all the propositions based upon the assumption that such order was void: Up to the time of the submission of the cause to the Department, and for some time thereafter, Ira P. Rankin, and not Mr. Philbrook, was the

CXLVIII Cal.—12

appellant.   Mr. Rankin knew that the court had at least assumed to make such an order of suspension, as was evidenced by his appearance thereafter in person.   He, treating the order as a valid one having the effect of suspending Mr. Philbrook's right to appear further as attorney for him, and apparently acquiescing therein, without a word of protest, and within the time allowed by the court for the filing of a brief in place of the opening argument stricken from the files, filed a most elaborate brief in support of his appeal, signed by himself in person, and thereafter personally accepted, and by indorsement thereon acknowledged, service of the respondents' brief in reply.   Having thus appeared in person, he must be assumed to have known of the regular placing of the case on the argument calendar, and of the time fixed for oral argument, and also, that if he then made no appearance in person, or by some attorney engaged to represent him, such failure would be a waiver of oral argument on his part, and that the case, so far as he was concerned, would, in accordance with the usual practice, be submitted on the briefs on file without oral argument.   He did so fail to appear at the time fixed for argument, either in person or by attorney, and the case was so submitted.   If Mr. Rankin chose then to acquiesce in the order of suspension, and to submit the case for decision upon briefs, without oral argument, it does not lie in the mouth of his successor (and Mr. Philbrook is here simply as his successor) to repudiate the acts of Mr. Rankin and complain that the privilege of oral argument was denied his predecessor, or that there has been no hearing in the cause. Whatever privilege of argument was apparently desired by Mr. Rankin was accorded to him, and there was never any intimation to the court from him that he desired to be heard in any other way than upon the brief he had filed.   The cause, then, was, regardless of any question as to the validity of the order suspending Mr. Philbrook, regularly submitted for decision to the Department, without oral argument.   When a cause is so submitted on briefs alone all the justices have an equal opportunity to read the argument, and all are deemed to be present at the argument, within the meaning of the provision of section 2 of article VI of the constitution, and all or any of them are qualified to join in the decision.

The record when given its proper legal effect shows that

the appellant was allowed the hearing to which he was entitled; that six justices concurred in the final judgment of affirmance; that no justice participating in the decision was in contemplation of law absent at the time of the argument; and that none of the six justices who concurred in the judgment were parties to the action or interested therein. The proposition that the action of the justices of this court in issuing a citation against Mr. Philbrook, to show cause why he should not be suspended from practicing as an attorney, constituted the justices who concurred in the issuance of such order parties to the action of *Rankin* v. *Newman,* in which the brief which gave cause for the proceedings for suspension was filed, is entirely untenable. The statement in each of the two opinions rendered on November 5, 1896, showing the grounds whereon the justices joining therein, respectively, rested the conclusion that the order should be affirmed, was a sufficient compliance with the constitutional requirement that the decisions of this court must state the ''grounds of the decision.'' The concurrence of four justices is necessary to pronounce a judgment of the court in Bank, but it is not necessary to the validity of such a judgment that four shall concur therein upon the same grounds, provided they all concur in the same judgment. The ''grounds of the decision'' are not the judgment. It is sufficient, for any purpose contemplated by the constitution, if the grounds upon which the respective justices concur in the judgment are somewhere stated in the respective opinions delivered. It must not be inferred, however, from these statements that a judgment of this court would be held void, or even voidable, if it should happen in any case that four or more justices concurred therein, but only three or a less number concurred in any opinion.

We have not considered the merits of the plaintiff's case as involved in the appeal heretofore decided, nor have we examined into the reasons given by the court in support of its decision hereby attacked. The soundness of the conclusions upon which the judgment affirming the order denying a motion for a new trial is based is not material to our present inquiry, and that judgment is conclusive without regard to the reasons given in support of it. In view of what we have said regarding the order suspending Mr. Philbrook from practice, it is proper to say that we are not to be understood as intimat-

ing that we have any doubt as to its validity. As already shown, that question is absolutely immaterial here, and we have therefore given no consideration to the matter. We find no sound reason in support of the proposition that the final decision complained of is invalid or should be set aside.

It is therefore ordered that the petition of Horace W. Philbrook, as administrator with the will annexed of the estate of John Levinson, deceased, to set aside and vacate the judgment of this court herein affirming the order of the superior court denying plaintiff's motion for a new trial, be denied.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.