[Crim. No. 261.   Second Appellate District.—November 12,.1912.]

## THE PEOPLE, Respondent, v. KATE MEASOR, Appellant.

CRIMINAL LAW—APPEAL—TRANSCRIPT—DUTY OF EXAMINATION NOT IM-
POSED UPON APPELLATE COURT—NEGLECT OF DUTY OF ATTORNEYS
TO CLIENT—AFFIRMANCE OF JUDGMENT.—Though the law provides
that in criminal appeals the reporter, upon demand, shall prepare a
transcript, the duty of certifying which, is imposed upon the trial
judge, and when so certified, the clerk is required to file the same;
yet the code does not impose upon the appellate court the duty of
examining the record in search for prejudicial error, and will not
assume such labor, but where attorneys neglect their duty, and in
violation of their obligation abandon the interest of a client, that
court will assume that no ground of reversal exists, and will affirm
the judgment as authorized by section 1253 of the Penal Code.

ID.—CRIMINAL APPEAL PERFECTED—NEGLECT TO FILE POINTS AND AU-
THORITIES OR APPEAR AT HEARING—AFFIRMANCE UNDER CODE PRO-
VISION.—Where an appeal. in a criminal case is perfected under
section 1247 of the Penal Code, as amended, and the defendant
appealing neglects to file points and authorities within the time
prescribed therefor, or within such further time as the appellate
court may designate, and likewise fails to appear at the time when
the appeal is regularly called for hearing, the appellate court, in
the absence of any sufficient showing for relief, will deem such
neglect and want of action sufficient ground for affirming the judg-
ment in accordance with the provisions of section 1253 of the
Penal Code.

ID.—DEPRIVATION OF HEARING—SPEEDY DISPOSITION OF CRIMINAL AP-
PEALS.—Although in some cases, defendants may, by reason of
the enforcement of such rule, be deprived of a hearing on appeal;
yet, nevertheless, the proper and efficient administration of the
penal laws of the state, due regard being had to established pro-
cedure, demands a speedy disposition of all appeals taken in crim-
inal cases.

APPEAL from a judgment of the Superior Court of
Orange County and from an order denying a new trial.   Z. B.
West, Judge.

The facts are stated in the opinion of the court.

Henry W. Nisbet, and Dick Foye Harding, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—Notwithstanding the fact that the transcript herein, containing upwards of 200 pages, was filed August 14, 1912, and the case duly set for hearing October 28, 1912, the attorneys of record purporting to appear for defendant neg-. lected and failed to file any points and authorities herein. At the calling of the case at the October term one of defendant's attorneys of record, while making no argument and submitting no points and authorities in support of the appeal, asked that ten days be granted defendant within which to file points and authorities in support of her appeal. The time was granted as requested, but her attorneys, still unmindful of their obligation to both their client and the court, have .neglected and failed to file points and authorities, or otherwise assign any ground upon which to base a claim for a reversal herein.

The law provides that in criminal appeals the reporter, upon demand, shall prepare a transcript, the duty of certifying which is imposed upon the trial judge, and when so certified the clerk is required to file the same in the appellate court: The code, however, does not impose upon the appellate court the duty of examining the record in search for prejudicial error justifying a reversal. This court will not assume such labor, but where attorneys neglect their duty and, in violation of their obligation, abandon the interest of a client, will assume that no ground for reversal exists and as provided by section 1253 of the Penal Code order the judgment affirmed. (*People* v. *Albitre*, 153 Cal. 367, [95 Pac. 653] ; *People* v. *McDermott*, 97 Cal. 247, [32 Pac. 7].) Section 1247, as amended, not only provides that upon an appeal being taken the defendant must within five days file with the clerk and present to the trial court an application stating the grounds of the appeal and the points upon which appellant relies, and designate what portion of the phonographic notes will be required for use on said appeal, but further expressly provides that if such application is not filed within said time the appeal is ineffectual for any purposes and shall be deemed dismissed. To this we add that where an appeal is .perfected in accordance with the provisions of said section and defend-

ant neglects to file points and authorities within the time prescribed therefor, or within such further time as the court may by order designate, and likewise fails to appear at the time when the appeal is regularly called for hearing, this court, in the absence of any sufficient showing for relief, will deem such neglect and want of action sufficient ground for affirming the judgment in accordance with the provisions of section 1253 of the Penal Code. It is quite true that in some cases defendants may, by reason of the enforcement of this rule, be deprived of a hearing on appeal. Nevertheless, the proper and efficient administration of the penal laws of the state, due regard being had to established procedure, demands a speedy disposition of all appeals taken in criminal cases.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.