THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS RIVERA MATOS (*a*) CHUSTO, and IGNACIO RIVERA CARTAGENA (*a*) EL MUDO. Defendants and Appellants.

No. 11230. Argued˙June 22, 1953.—Decided October 28, 1953.

*Santos P. Amadeo, Angel Cruz Cruz, Rafael Pérez Marchand* and *Antonio José Amadeo,* for appellant. *José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Jesús Rivera Matos, petitioner herein, and Ignacio Rivera Cartagena were accused in the former District Court of Puerto Rico, Caguas Section, for the crime of first-degree murder. They were tried by jury and found guilty. Both

defendants were sentenced to life imprisonment. They appealed and in due time filed in this Court the judgment roll and the transcript of the evidence. The appeal was dismissed on March 11, 1946, on the ground that their attorney at that time failed to file a brief, notwithstanding the extension granted by this Court, or to appear on the day set for the hearing of his appeal. On May 15, 1953, petitioner filed a motion praying us to reconsider the order dismissing the appeal and to reinstate the appeal "to be prosecuted pursuant to the Law and Regulations of this Court in criminal cases." The reasons alleged in support of his petition are, briefly, as follows: (a) that he was not informed by his attorney of "the steps taken to perfect his appeal," and that he could never get in touch with him, (b) he was not notified by the Office of the Secretary of this Court of the order dismissing the appeal for want of a brief,[1] (c) he was deprived of an impartial and fair trial and the judgment is void, in the opinion of petitioner, because the court a quo (a) did not charge the jury that the burden of proof as to the voluntary character of the confession fell upon the prosecuting attorney, and that it was the duty of the jury to determine whether the confession was voluntary, (b) it held in the presence of the jury that the confession had been voluntarily made, and based this conclusion on the testimony of a witness.

The People of Puerto Rico objects. It urges that we have no power to reconsider and reinstate the appeal seven years after an order is issued dismissing the appeal "and the mandate is sent to the court a quo." It further alleges that even though the Court had that power, we would not be justified in reinstating the appeal since the petitioner did not act with due diligence, and the questions which he would raise on appeal, if reinstated, are untenable.

We agree with the People of Puerto Rico in maintaining that we are without power to reconsider. It is not

---

[1] Notice was served on attorney for petitioner.

possible to do so without requesting the return of the mandate which was sent to the court *a quo* on May 26, 1946, *Serrallés* v. *Sancho Bonet, Treas.*, 55 P.R.R. 136; *Collazo* v. *Sancho Bonet, Treas.*, 55 P.R.R. 139, and such action does not lie in the case at bar.  It is a well-settled rule that where a mandate has been sent to the lower court, the latter cannot be ordered to return it in the absence of fraud, accident, inadvertence or error.  *Serrallés* v. *Sancho Bonet, Treas., supra; People* v. *Pérez Peña,* 59 P.R.R. 562; *People* v. *Mc Dermott,* 97 Cal. 247; *People* v. *Egan,* 185 P. 2d 82 (Cal.) and none of those circumstances are present here.[2]  In dismissing the appeal, this Court acted deliberately and within its powers.  It has been held that "filing a brief is an indispensable requisite which should have been complied with by the appellant in order to perfect his appeal," and that the latter may be dismissed if the brief is not filed and we are not bound to examine a record in search of errors when none has been assigned.  *People* v. *Buscaglia,* 58 P.R.R. 920. The mandate was sent to the trial court in the ordinary course of the proceeding and in harmony with the order dismissing the appeal.

---

[2] In *People* v. *Pérez Peña, supra,* judgment was rendered and notified to appellant's attorney, but not to appellant.  After it was sent to the court *a quo,* appellant, through another attorney, moved for reconsideration, which we denied stating as follows:

"Not long ago, this Court, in *Serrallés* v. *Sancho Bonet, Treas.,* 55 P.R.R. 136, 137, said:

" 'This Supreme Court has constantly applied the rule that once the mandate has been sent to the lower court and in the absence of fraud, accident, inadvertence or error, its return cannot be ordered and it has refused to reconsider judgments which has been notified to the lower courts.  See the cases of: *Falcó* v. *Succession Suau,* 18 P.R.R. 713; *Royal Bank of Canada* v. *Goico et al.,* 35 D.P.R. 1056; *González* v. *Sociedad Civil "Peña y Balbás,"* 38 D.P.R. 1042 (R. N.  These last two are per curiam decisions published only in the Spanish edition); *Schluter & Co.* v. *González et al.,* 38 P.R.R. 224; *Manrique* v. *Ramírez et al.,* 38 P.R.R. 482 and *Mojica* v. *District Court,* 49 P.R.R. 521.  In the last two of these cases especially, the question is amply studied and jurisprudence from the courts of the continent is cited.' "

The cases of *Desmornes* v. *Desmornes*, 12 P.R.R. 125, *Santiago* v. *Noa*, 20 P.R.R. 415, and *Bonilla* v. *Alvarado*, Habeas Corpus, No. 422 (decided December 8, 1943), cited by petitioner, are clearly inapplicable for none of them involves the question raised in the case at bar of the lack of power to reconsider after the mandate has been sent to the trial court.

The motion will be denied.

Mr. Justice Marrero did not participate herein.

———

MR. JUSTICE NEGRÓN FERNÁNDEZ concurring.

Although I am in agreement with the rule announced in the opinion of the Court to the effect that, once the mandate has been sent to the trial court, the latter cannot be ordered to return it in the absence of fraud, accident, inadvertence or error, I reserve my views with respect to the applicability of that rule to criminal cases wherein the appeal has been dismissed on the ground that appellant's attorney has filed no brief in this Court, the appeal being otherwise perfected. In such cases, there might exist circumstances of such nature as to relieve appellant himself from any responsibility for lack of diligence on the part of his attorney, and which would account satisfactorily for his delay in invoking, once the reason for dismissal is known, the discretion of this Court to reinstate the appeal. I believe we would be justified in stretching that rule to permit the exercise of our discretion to order the return of the mandate not only when fraud, accident, inadvertence or error are involved, but also whenever, in the absence of a brief, the appeal has been dismissed without appellant's consent to withdraw from action, or without his being seasonably notified of the ground for dismissal. It should never be late and we should never lack power, to reinstate, in furtherance of justice, an appeal which has been dismissed under such circumstances.

Nothwithstanding my view above stated, I agree that the petition for reinstatement in this case be denied for lack of facts which would warrant the Court, in accordance with the standards hereinabove set forth for stretching the rule in question, to grant said petition.