ROBERT H. VANCE et al. v. JOSÉ DEMETRIO PEÑA et als.

CORRECTING MINUTES OF SUPREME COURT.—If an order is made by the Supreme Court granting a rehearing, and by mistake the Clerk enters an order denying a rehearing, and the term elapses and the remittitur issues before the mistake is discovered, the Court will recall the remittitur, correct the minutes of the Clerk, and restore the case to the calendar.

FALSE ORDER OF SUPREME COURT.—A false order entered by the Clerk of the Supreme Court by mistake, stands upon the same principle as an order procured by fraud.

CORRECTING MISTAKE OF CLERK.—The proceedings of the Supreme Court are not enrolled, and the minutes of the Chief Justice may be used to correct a mistake of the Clerk.

[For this case, see 33 Cal. 631.]

THE facts are stated in the opinion of the Court.

By the Court, SAWYER, C. J.:

At the January Term the Court directed an order to be entered granting a rehearing in this case, but by mistake the Clerk's entry in the minutes of that day's proceeding shows that a rehearing was denied. The minutes of the Chief Justice in the Rehearing Calendar, however, show that the order directed to be entered granted a rehearing, and this accords with the distinct recollection of the Justices, and with other circumstances shown by the affidavits. We have no doubt that the latter was the order directed to be entered and that the wrong order was entered by the Clerk by mistake. The remittitur was issued, and the mistake was not discovered till after the lapse of that term. A motion is now made to recall the remittitur, to vacate the order entered by mistake, and to enter the order actually made. The only question is, whether we now have the power to recall the remittitur, and correct the mistake. In *Rowland* v. *Kreyenhagen*, 24 Cal. 52, we held that although this Court loses jurisdiction after the remittitur has been issued and filed in the Court below, yet, if any fraud or imposition has been practiced upon the Court, or the opposite counsel by the

party procuring the dismissal, or the order of dismissal has been improvidently granted upon a false suggestion, the appellate Court will recall the remittitur, and stay the proceedings in the Court below, and assert its jurisdiction, even after adjournment of the term, upon the ground that its jurisdiction cannot be divested by such irregular order, and that the order itself is a nullity.  This must be so, or intolerable injustice might result.  The principle here announced is broad enough to cover the present case.  There is here a false order entered by mistake—an order denying, when in fact the order made granted, a rehearing.  And upon this false order the remittitur issued.  A mistake of this kind stands upon the same principle as a fraud, for it operates as a fraud upon the rights of the party injured by it.  Besides, we think the minutes of the Chief Justice may be used in a direct proceeding to amend the record, for the purpose of correcting the minutes of the Clerk.  The proceedings in this Court are not enrolled.  Although its records could not be collaterally shown to be false, we see no good ground for refusing to correct the record upon the direct application now made, when we are perfectly well satisfied that the wrong order was entered.  A clear case should undoubtedly be made to appear as a condition precedent to the exercise of this power.  But such a case we now have.

Ordered that the remittitur be recalled, the minutes of the Clerk, showing that a rehearing was denied be corrected so as to show that a rehearing was granted, and the cause restored to the calendar.