MISSISSIPPI FIRE ASSOCIATION *v.* WILLIAM H. DOBBINS.

FIRE INSURANCE. *Breach of condition.   Return of premium.   Waiver.*
    A fire insurance company, which after loss receives the full premium
    and without returning any part of the same, defends on the
    ground of a forfeiture for breach condition as to other insurance
    taken without its consent, is liable under a policy providing that
    the company should return the unearned premium if either party
    should cancel the policy and that if the policy should be canceled
    or become void, the unearned premium should be returned, the
    company retaining the customary short rates, except that when
    the policy should be canceled by the company by giving notice it
    should retain only a pro rata premium.

From the circuit court of Perry county.

HON. JOHN R. ENOCHS, Judge.

The appellee, Dobbins, was plaintiff, and the appellant, the
Mississippi Fire Association, defendant, in the court below.
This action on his policy for the loss sustained by the ap-
pellee, Dobbins, was defended on the ground that he had
taken out other insurance on the same property subsequent to
taking out the policy sued on, without the knowledge or con-

sent of the defendant company, and in violation of the terms
of the contract of insurance, which rendered the policy sued on
void.    The case was tried before the court without a jury,
both parties waiving a jury.    The evidence for defendant was
that the policy sued on was issued in July, 1901, and the pre-
mium paid to the company on September 1, 1901, by the local
agents, and the fire occurred October 23, 1901, and plaintiff
came into the office of the local agents October 24th (the next
day after the fire) and notified them of the fire, when he
(plaintiff) was told that the premium had not been paid by him,
and the premium was then paid to the local agents, and for
the first time the agents found out that Dobbins had another
policy on the same property,  the agent testifying that he did
not recollect whether it was before or after the premium was
paid that Dobbins informed him of the existence of the other
policy.    The agent also testified that he then told Dobbins that
the taking out of the other policy avoided the policy sued on,
but that he would send in the report of it to the company.
Plaintiff testified that he informed the local agents of the fire
on the 24th of October, and then informed them of the other
policy, and went back the next day and paid the premium, and
got a receipt.    The insurance company never returned or
offered to return, any part of the premium.    The clause of the
policy relating to the cancellation of policies and return of
premiums is set out in full in the opinion of the court.    The
court rendered a judgment for plaintiff for the full amount of
the policy.

*N. C. Hill*, for appellant ; *Ellis & Sullivan*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

It is perfectly manifest that the judgment in this case
is correct, from the very terms of the contract as to cancella-
tion.    The policy is much broader than the one in the case
of *Mississippi Home Ins. Co.* v. *Dobbins* (this day de-

cided), 33 So., 504, and to the opinion in which case reference is made, in respect to the duty of the appellant to return the unearned premium. Here the policy not only requires the appellant to return the unearned part of the premium in case either party cancels, as either might, but expressly provides, " If this policy shall be canceled, as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion· shall be returned on surrender of this policy, or last renewal; this ·company retaining the customary short rates, except that, when this policy is canceled by this company by giving notice, it shall retain only pro rata premiums." The appellant, instead of conforming to the terms of the contract, says the policy is void, and yet holds onto all the premium. See authorities cited in *Home Insurance Co.* v. *Dobbins*—specially Joyce on Insurance, vol. 3, sec. 2486, and *Schreiber* v. *German-American Hail Ins. Co.*, 43 Minn., 368, 45 N. W., 708.

*Affirmed.*