## ST. PAUL FIRE & MARINE INS. CO. v. PECK.

No. 2267.    Opinion Filed February 17, 1914.

(139 Pac. 117.)

1. **COURTS—Jurisdiction—Amount Involved.** Section 2, art. 1, c. 27, Sess. Laws 1907-08, and section 10, art. 7, Const. Okla., confer jurisdiction upon the district court to try an action for the recovery of $500 on an insurance policy, with interest in the sum of $43.

2. **APPEAL AND ERROR—Jurisdiction—Right to Recall Mandate.** When, by mistake or inadvertence, an order, judgment, or decision of this court is improvidently made as to the statute defining the jurisdiction of the trial court, although the mandate is transmitted to the trial court and by it recorded, this court does not lose jurisdiction of the cause and may recall the same when the court's attention is called to such mistake.

3. **INSURANCE—Cancellation of Policy—Conditions Precedent—Return of Premium.** Where an insurance policy provides that `` * * * this entire policy shall be void at the election of the company if, without the consent of the secretary or general agent of the company indorsed thereon, * * * the property insured or any part thereof be or become incumbered by lien, mortgage or otherwise, * * * '' and the further provisions that `` * * * this policy may be canceled by either party. If upon request of the company by returning to the insured the pro rata unearned premium * * * and giving notice to the insured, * * * ''—and where insured mortgages the property without the consent of the company, the insurer cannot elect to declare

the policy void without returning or offering to return to insured the **pro rata** unearned premium.

4. **APPEAL AND ERROR**—Findings—Evidence. The rule in this court is that, where the evidence reasonably tends to support the findings of a jury, this court will not review the same.

5. **INSURANCE**—Action on Policy—Attorney's Fee. In the absence of statute or conditions in policy authorizing the taxing of attorney's fee, the same cannot be recovered in an action by insured on such policy.

(Syllabus by the Court.)

On rehearing. Mandate recalled, and judgment of the trial court for plaintiff, S. E. Peck, affirmed.

Former opinion overruled in part; see 37 Okla. 85, 130 Pac. 805.

LOOFBOURROW, J. This suit was filed in the district court of Kingfisher county, Okla., in March, 1909, by S. E. Peck against the St. Paul Fire & Marine Insurance Company to recover on a policy, wherein defendant insured a certain stallion against loss by lightning. The cause was tried April 10th, and judgment rendered in favor of the plaintiff for $543. The plaintiff alleged the death of the horse by lightning, alleged a compliance with all the provisions of the policy and conditions precedent to an action, asked for judgment for $500, the face of the policy, and interest from the date of loss, and for an attorney's fee of $150. The policy contained the following provisions:

"This entire policy shall be void at the election of the company, if, without the consent of the secretary or general agent of the company indorsed thereon, other insurance is now, or shall hereafter be taken out on any of the property above described, or if the property or any part thereof be or become incumbered by lien, mortgage or otherwise, * * * or if any change take place in the title or possession of said property (except by succession by reason of death of the insured). * * * This policy may be canceled by either party. If upon request of the company, by returning to insured the *pro rata* unearned premium, if it has been paid or if not by indorsing the amount thereof on any unpaid premium note and giving written notice thereof to insured * * * *"

—and the further provision that no local or soliciting agent is authorized to waive any of such provisions.

Defendant answered upon three grounds: First. That the amount in controversy being in excess of $200 and not exceeding $500, exclusive of interest, the district court had no jurisdiction; that under chapter 27, Sess. Laws 1907-08, exclusive original jurisdiction of the cause was in the county court. The second defense was a general denial. And for the third defense defendant denied any liability under the policy, for the reason that after the policy had been issued, and without the knowledge or consent of the company and against the express provisions of the policy, plaintiff had incumbered the insured property by two separate chattel mortgages, the first for $350, the second for $412, and that the same were valid subsisting liens when the horse was killed; that they had no knowledge of the existence of the mortgages until after the destruction of the horse; that the policy was therefore void, and the defendant not liable thereunder. Attached to the answer are copies of the chattel mortgages showing the same to have been filed with the register of deeds of that county on December 15, 1905, and February 28, 1908, respectively.

Plaintiff demurred to the third defense on the ground that it failed to state facts sufficient to constitute a defense to the action. The demurrer was sustained, the plea to the jurisdiction overruled, and the cause tried upon the issues raised by the petition and the general denial, which resulted in judgment for plaintiff in the sum of $543. From this judgment plaintiff in error appeals to this court. The case was assigned to the Supreme Court Commission, Division No. 2, and opinion written reversing the judgment of the trial court and dismissing the case; the same being dated February 18, 1913, and reported in 37 Okla. 85, 130 Pac. 805. The mandate having been transmitted to the trial court and spread upon its record and execution issued thereon and placed in the hands of the sheriff, defendant in error then moved the trial judge for a stay of execution, which was denied, and it was then agreed between counsel for plaintiff in error and counsel for defendant in error that said execution should be

stayed until application could be made to the Supreme Court for an order staying said execution and a motion presented asking permission to file the petition for rehearing in this court, leave being granted to file petition for rehearing out of time.

The assignments of error numbered 1, 3, and 5 are to the effect that the court had no jurisdiction of the subject-matter of this action; the plaintiff in error contending that exclusive original jurisdiction of this case is conferred upon the county court by section 2, art. 1, c. 27, Sess. Laws 1907-08, viz.:

"The county court * * * shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars. * * * "

The clause "exclusive of interest" follows the words "not exceeding one thousand dollars" and modifies that sentence. The word "interest" refers merely to the interest which in certain cases is expressly given by statute, and in the case at bar the interest allowable and recoverable is allowed, not as interest, but merely as damages. The rate of interest prescribed by the statute in such cases is resorted to in order to measure the damages accruing from the loss of the use of the money. See *Baker v. Smelser,* 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; *Heidenheimer v. Ellis,* 67 Tex. 426, 3 S. W. 666.

The Constitution of Oklahoma, art. 7, sec. 10, provides:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court. * * * "

It is the general rule that where the principal sum sued for is less than is necessary to confer jurisdiction upon the court, if the accrued interest, together with said principal, amount to a sum sufficient to confer jurisdiction upon the court, the court will have jurisdiction of said suit. See 11 Cyc. 779, and authorities cited. So, treating the $43 as interest or as damages, the same not being excluded from the computation by the statute,

such $43, together with the $500, amounted to sufficient to give the district court concurrent jurisdiction with the county court.

The second assignment of error is that the trial court erred in sustaining the demurrer to the third defense in the answer. We think the ruling of the trial court was correct for the following reasons: First, by the terms of the policy the same might be declared void at the election of the company, if, without the consent of the secretary or general agent of the company indorsed thereon, the property or any part thereof became incumbered by mortgage, etc.; the policy might be canceled by either party—if upon request of the company, by returning to insured the *pro rata* unearned premium, if it had been paid, or, if not, by indorsing the amount thereof on any unpaid premium note and giving notice thereof to the insured. When the insured saw fit to place a mortgage upon the property, he did so with full knowledge of the terms of the policy. He was not required, either by the law or by the terms of the policy, to notify the company of his having incumbered the property, but he and the company both knew that the company could, if they elected so to do, declare the policy void if the property became incumbered, provided they returned the unearned premium. The stallion was killed by lightning September 22, 1908. This suit was begun March 13, 1909. The record does not disclose when amended answer was filed, but on March 17, 1910, a demurrer to defendant's answer was filed. The trial was had on April 15, 1910. So that for more than 30 days before the trial the defendant knew of the existence of the mortgage on the insured property. The company, in its answer, declares the policy was void as soon as the mortgage was given on the property. We think not. Suppose the company had been informed of the mortgages as soon as they were executed, and they had not elected to cancel the policy, and the property had not been destroyed, it will not be contended that the insurer could have recovered the *pro rata* premium from the date of the mortgage. It did not become void unless the company elected to declare it so, and it could not be canceled until the company tendered to the insured the amount of the unearned premium. The company could not retain the

benefits of the contract and at the same time decline to assume any of its burdens. The insurer prepared the contract and is skilled in the interpretation thereof; if it elected to declare the policy void or cancel the same, it must come within the terms of the policy; it must return or offer to return the unearned premium, and this should have been done within a reasonable time after the company learned of the existence of the mortgage, if that was the reason for electing to declare the policy void. If it had done so, the plaintiff might have accepted the same, and practically all of the costs of this suit would not have been incurred. It cannot be said that the failure to do so did not operate to the prejudice and disadvantage of the plaintiff. See *Taylor v. Ins. Co. of N. A.,* 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906, and authorities therein cited, holding that the return of unearned premium is essential to the cancellation by the company where the policy, among other things, provides:

"When this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium."

This case is followed in *German Fire Ins. Co. v. Clarke,* 116 Md. 622, 82 Atl. 974, 39 L. R. A. (N. S.) 829, Ann. Cas. 1913D, 488. See, also, other authorities cited in the Maryland case.

In *Miss. Fire Ass'n v. Dobbins,* 81 Miss. 630, 33 South. 506, it is held:

"A policy provided that insurer should return the unearned premium if either party canceled the same, and that if the policy should be canceled or become void, the premium having been actually paid, the unearned portion thereof should be returned; the company retaining the customary short rates, except that, when the policy was canceled by the company by giving notice, it should retain only a *pro rata* premium. *Held* that, where insurer had received the full premium, and after loss claimed that the policy was void for breach of a condition therein, but failed to return any part of the premium, it was liable on the policy."

In the case of *International Life Insurance & Trust Co. v. Franklin Fire Insurance & Trust Co.,* 66 N. Y. 119, a policy of insurance provided conditions upon which the policy could be canceled. " * * *" Or if for any other cause the company shall so elect, it shall be optional with it, after notice to the as-

sured or his representative, to terminate the insurance, in that case refunding a ratable proportion of the premium.  *  *  *" The evidence disclosed that before the loss the company notified the insured and the mortgagee that it elected to and did cancel the policy and also tendered back the unearned premium.   Held:

"That it was entirely optional with the defendant when, and for what reason, to terminate the insurance, and the motive or the sufficiency of the cause could not be inquired into; and that therefore a refusal of the court so to charge, and a refusal to submit the question of cancellation to the jury, was error."

In that case the company elected to terminate the insurance, notified the insured, and tendered back a rebate of unearned premium, thereby coming within the terms of the policy and contract.

In the case of *Hollingsworth v. Germania Insurance Co.,* 45 Ga. 294, 12 Am. Rep. 579, in the policy the insurance company reserved the right to cancel the same on giving notice to that effect and refunding the ratable unearned portion of the principal for the unexpired term. Before a loss occurred, the policy was returned for cancellation to the company's agent, who notified plaintiff's agent that he was ready to pay the unearned premium, but he did not in fact pay it until a month subsequent. In the meantime the loss occurred.   Held:

"That these facts did not relieve the company of their liability, and that plaintiff could recover."

In the case of *Ritchey v. Home Insurance Co.,* 104 Mo. App. 146, 78 S. W. 341, held:

"Where a policy on real property authorized its cancellation at any time by the assured or insurer, the latter was not entitled to cancel the same after loss on the ground of fraudulent overvaluation.  Where insurer's soliciting agent, who negotiated a policy sued on, resided near where the property was located, was familiar therewith, and knew its value, and insurer had every opportunity, before loss, to inspect the property insured, it was estopped from denying the valuation of the property as stated in the policy."

A great many policies of insurance contain a provision that the company may cancel the insurance policy by giving five days' notice of such cancellation to the insured, and all of the authori-

ties are to the effect that, in the absence of the giving of such notice or a waiver thereof, the policy is valid. See *Clark v. Insurance Co. of North America,* 89 Me. 26, 35 Atl. 1008, 35 L. R. A. 276; *Mallory v. Ohio Farmers' Insurance Co.,* 90 Mich. 112, 51 N. W. 188; *Mauk v. Commercial Union Assurance Co.,* 7 Pa. Super. Ct. 633. In Massachusetts, after delivery of a fire policy, the insurer's right to cancel the same depends upon the giving of a written notice to insured and a tender to him of a ratable proportion of the premium. *Green v. Star Fire Ins. Co.,* 190 Mass. 586, 77 N. E. 649.

It is elementary, and the decisions uniformly hold, that, where a policy of insurance contains a provision "that, if the title to the property be or become incumbered, the policy shall be void," in that event, if at the time the policy is issued the property is encumbered and the insured conceals that fact, or if subsequent to the issuance of the policy the insured incumbers the property without the consent of the company, he cannot recover But the case at bar is an entirely different proposition, since the provision therein is that:

"* * * This entire policy shall be void at the election of the company if, without the consent of the secretary, etc., the property be or become incumbered by a lien, mortgage, etc. This policy may be canceled by either party. If upon request of the company by returning to insured the *pro rata* unearned premium," etc.

The appellant cannot say the policy is void and yet retain the entire premium.

The appellant contends that the stallion was worthless, also, that the animal was not killed by lightning. Testimony for both plaintiff and defendant on these questions of fact were submitted to the jury, who found against appellant, and the record discloses evidence amply supporting the conclusions of the jury.

As to the claim in plaintiff's petition for $150 attorney's fees, there was no testimony offered in support of such claim, and the same was not considered in the instructions of the court, and was properly excluded from the consideration of the jury. There is no provision in the policy for the payment of attorney's

fees; and the statute does not provide for the recovery of attor-, ney's fee in such cases.

We now come to the question as to the right of this court, when the judgment of the trial court is reversed, mandate transmitted to and recorded therein, to recall the same. This question seems to have arisen frequently, and the test seems to be whether or not the appellate court has lost jurisdiction. This court, in the case of *Thomas v. Thomas*, 27 Okla. 801, 113 Pac. 1058, opinion by Chief Justice Dunn, held:

"Where, after a decision of a case and rendition of an opinion in this court, its mandate is regularly transmitted to the trial court and is spread upon its records, this court, in the absence of fraud, accident, inadvertence, or mistake, is without jurisdiction to recall the mandate and entertain a petition for rehearing, and a motion for leave to file the same will be denied."

That is undoubtedly the correct rule. However, in the case at bar the decision and judgment of this court was a mistake or inadvertence and comes within the exception, for by inadvertence and mistake in the opinion the statute is quoted as reading: "The county court shall have  *  *  *  exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars, *exclusive of interest*," when in fact the statute provides: "The county court shall have, * * * exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars."

The fourth paragraph of the syllabus of the former opinion in this case is as follows:

"Interest forms no part of the amount in controversy, so far as affecting jurisdiction, when the statute defining the court's jurisdiction excludes it *eo nomine* from computation."

Which further shows the misapprehension of the writer of the opinion as to the language of the statute.

In the case of *The Palmyra*, 12 Wheat. 1, 6 L. Ed. 531, the appeal was dismissed solely upon the ground of a defect of jurisdiction apparent on the record and founded on mistake. At a subsequent term it appeared as a matter of fact that the error apparent on the record was a mere misprision of the clerk of the circuit court in transmitting an imperfect record, and the court,

upon motion of the appellants, ordered the cause to be reinstated. Mr. Justice Story, who delivered the opinion of the court, said:

"Every court must be presumed to exercise those powers belonging to it, which are necessary for the promotion of public justice; and we do not doubt that this court possesses the power to reinstate any cause, dismissed by mistake. The reinstatement of the cause was founded, in the opinion of this court, upon the plain principles of justice, and is according to the known practice of other judicial tribunals in like cases."

In the case of *Lovett v. State,* 29 Fla. 384, 11 South. 176, 16 L. R. A. 313, the Supreme Court entered judgment in writ of error reversing a judgment of the circuit court in a capital case, and issued its *remittitur,* which was filed in the latter court. Subsequently during the same term of the Supreme Court it was shown that the transcript upon which it had acted was, on account of a mistake in making such transcript, an entire misrepresentation of the real record of the circuit clerk, as to the point upon which the judgment of reversal was based, and a motion was made in behalf of the state by the Attorney General to vacate the entry of judgment reversing and restore the case to the docket of the Supreme Court. Held, that the Supreme Court had not lost jurisdiction of the case, and its entry of judgment should be vacated and the cause recalled and restored to its docket. This notwithstanding the fact that it was a criminal case. For other cases holding that an appellate court cannot be divested of jurisdiction by an irregularity or an improvident order by it made, and that such court will assert jurisdiction and recall the mandate after the adjournment of the term, etc., see *Vance v. Pena,* 36 Cal. 328; *Trumpler v. Trumpler,* 123 Cal. 248, 55 Pac. 1008; *Rowland v. Kreyenhagen,* 24 Cal. 52. For extensive annotations, see *Ott v. Boring,* 11 Ann. Cas. 857; *Legg et al. v. Overbaugh et al.,* 21 Am. Dec. 115.

The statute in express terms provided that the district court, concurrent with the county court, had jurisdiction of the case at bar, and this court was without power to divest the district court of such jurisdiction, and the pretended order and judgment of this court reversing the case and ordering the same dismissed in the district court is therefore a nullity.

In the proceedings of the trial court we find no error, and the mandate and judgment in this case heretofore transmitted to the trial court is hereby recalled and set aside.

The judgment of the trial court is affirmed.

All the Justices concur.