**LIVERPOOL, LONDON & GLOBE INS. CO., LIMITED, OF LIVERPOOL, ENG., v. THAREL et al.**

No. 8430—Opinion Filed Aug. 13, 1918.

(174 Pac. 773.)

(Syllabus.)

**1. Insurance — Fire Insurance — Cancellation—Waiver.**

The statutory clause in a fire insurance policy providing that the policy may be canceled by the company by giving 5 days' notice of cancellation, but that the unearned portion of the premium shall be returned upon surrender of the policy, is for the benefit of the assured, and may be waived by him.

**2. Same.**

When an agent of an insurance company, acting under instructions from his principal, gives the assured notice that he has been instructed to cancel his policy of insurance, and that he will call and take up and cancel the policy in a few days, and, when he does call on the assured for that purpose, the assured voluntarily and unconditionally surrenders the policy, knowing that the purpose of the agent in taking it up is to cancel it, the right of the assured to treat the policy as in full force and effect until the company has paid or tendered to him the unearned premium is thereby waived.

Error from District Court, LeFlore County; W. H. Brown, Judge.

Action by T. L. Tharel and E. M. Tharel, partners doing business under the firm name and style of Tharel & Son, against the Liverpool, London & Globe Insurance Company, Limited, of Liverpool, England. Demurrer to plaintiffs' evidence overruled, and defendant brings error. Reversed, with direction that judgment be entered for defendant.

Ames, Chambers, Lowe & Richardson and T. T. Varner, for plaintiff in error.

T. H. Dubois, for defendants in error.

TISINGER, J. This is an action brought by the defendants in error, as plaintiffs, against the plaintiff in error, as defendant, to recover on a fire insurance policy, and the only question in the case is whether the policy sued on was canceled before the fire occurred or not.

The insurance policy sued on contained the following paragraph, commonly known as the "New York standard form":

"This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

This paragraph of the policy is in substantial conformity with section 3443, Revised Laws 1910, which reads:

"Any policy issued by companies authorized to do business in this state may be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If the policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of the policy or last renewal, the company retaining the customary short rate, except that when the policy is canceled by the company by giving notice, it shall retain only the pro rata premium."

It appears from the uncontroverted evidence in the case that C. A. Overstreet, the agent of the insurance company, some time before September 16, 1914, the date of the policy sued on, solicited the plaintiffs to insure their property with him. In the conversation that ensued one of the members of plaintiffs' firm, with whom the conversation was had, stated to Overstreet that his firm had some time before then, had trouble in regard to payment to them of unearned premiums on previous policies of insurance taken out by the firm and canceled by the insurance companies, and that the firm desired to avoid trouble of this kind in the future. Overstreet advised him that he looked after the return of unearned premiums himself, and that, if the policies written by him were canceled by his company, he would pay the unearned premiums out of his monthly remittances.

Some time in December, 1914, plaintiffs suffered loss by fire of a building which was insured with the defendant company. Overstreet, the agent of the insurance company, settled this loss on or about May 1, 1915, with the plaintiffs, and at the time of the settlement informed them that the insurance company had instructed him to cancel all the policies held by the firm, and that he would be down in a few days to take them up and cancel them. Two or three days afterwards, Overstreet called at plaintiffs' store, and several policies of insurance, including the one sued on in this case, were delivered to him, and one or more policies that could not then be found by the plaintiffs were afterwards found and mailed to him. All of the policies were voluntarily surrendered, and no demand was made for the return of the unearned premiums. Ed Tharel, junior member of plaintiffs' firm, testified that, at the time the agent of the insurance company notified the firm that, acting under instructions from his principal, he would call in a few days and take up and cancel the policies, he also stated that he could place the insurance with other companies; that he did not assent to the proposition, but stated to the agent that he would study the matter over. The policy sued on was marked canceled by the insurance agent, either on the day he took it up, or the next morning before he forwarded it by mail to the insurance company. On the morning of May 16th, after the policies were delivered on or about May 3d, the property covered by the policy sued on was destroyed by fire. Suit was brought by plaintiffs on the insurance policy, and at the trial of the case it was admitted by the insurance company that, if plaintiffs were entitled to recover at all, they were entitled to recover the full amount of the policy.

It is contended by the insurance company that the insured, the plaintiffs, waived the 5 days' notice of cancellation and the return of the unearned premium. It is evident that they did waive the 5 days' notice of cancellation by voluntarily surrendering the policy, knowing that the purpose of the insurer, in having its agent take it up, was to cancel it; for, if the insurance company had at that time paid or tendered to the insured the pro rata portion of the premium for the unexpired term of the policy sued on, we can see no reason why its cancellation would not have been effectually accomplished.

It remains therefore for us to determine whether or not the insured also waived the return of the unearned premium. Ordinarily, the right to terminate a contract of insurance, which has been fairly entered into and has taken effect, by the method prescribed by our statute and incorporated in the insurance contract in this case, is a right which can only be exercised by a strict compliance with the provisions relating to cancellation; and where such a contract has been fairly entered into and has taken effect, and the insurance company claims that the contract has been put an end to by virtue of such provisions, the burden is on it to establish

by evidence that it has been so terminated; and ordinarily, it must show that it had given the assured notice of the cancellation of the policy, and had returned or tendered to him the pro rata portion of the premium for the unexpired term of the policy, as required by the contract of insurance and by our statute. Taylor v. Insurance Co. of North America, 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; St. Paul Fire & Marine Insurance Co. v. Peck, 40 Okla. 396, 139 Pac. 117.

But that portion of the statute and of the contract of insurance which requires the insurance company to return to the assured the unearned premium is clearly for the benefit of the assured, and may be waived by him. In this case the assured voluntarily and unconditionally surrendered the policy to the insurance company's agent, on his demand for it, knowing that his purpose in taking it up was to cancel it. The New York Court of Appeals passed on this identical question in the case of Buckley v. Citizens' Insurance Co. of Missouri, 188 N. Y. 399, 81 N. E. 165, 13 L. R. A. (N. S.) 889. And as the decision of that court on the question here involved is highly persuasive with us, the clause of the policy being framed by virtue of the laws of New York, and our statute governing the cancellation of insurance policies being taken from that state, and as it is supported by reason and by the weight of authority, we adopt the views expressed by that court as controlling in this case:

"The question is therefore presented as to the effect upon plaintiff's cause of action of this voluntary and unconditional surrender of the policy to the defendant. The respondent's counsel argues that there could not be an effective cancellation of the policy at the instance of the defendant without actual payment or tender to the plaintiff of the unearned premium, and cites in support of this proposition the case of Tisdell v. New Hampshire F. Ins. Co., 155 N. Y. 163, 40 L. R. A. 765, 49 N. E. 664. In the case cited the defendant admitted that the policy in suit had not been surrendered or tendered to it by the insured, and that no demand had been made for the return of the premiums or the unearned portion thereof. In that case the opinion of this court states: 'The question presented on this appeal is no longer an open one in this court. It was decided in the case of Nitsch v. Amer. Cen. Ins. Co., 152 N. Y. 635, 46 N. E. 1140, affirmed in this court without an opinion. In that case, as in this one, the question presented was whether the provision of the New York standard policy of fire insurance, relating to the cancellation of a policy at the instance of the company, requires that, in addition to giving the five days' notice, the company must return or tender the unearned premiums in order to effect a cancellation. The answer was in the affirmative. The only question presented for consideration in this case, therefore, is whether the defendant returned or tendered the unearned premium. As it appeared that there was no return or tender of the unearned premium, this court held in the Cases of Nitsch and Tisdell that the provision of the standard policy relating to the cancellation of a policy at the instance of the company requires that, in addition to giving 5 days' notice, the company must return or tender the unearned premium in order to effect a cancellation. The case at bar differs from the above cases, as already pointed out, by reason of the additional fact that the plaintiff had voluntarily and unconditionally surrendered his policy immediately on receiving the notice of cancellation. We are of opinion that this action on the part of the plaintiff must be regarded in law as a waiver of his right to treat the policy as in full force and effect until the company paid or tendered to him the unearned premium. The one object of the cancellation clause is to place the policy in the custody of the insurance company absolutely and unconditionally. If the insured permits this to be done by his voluntary act, when the company gives notice of cancellation, without receiving from it the unearned premium, he assents to the cancellation, but can sue for the amount due him."

See, also, Aetna Life Insurance Co. v. Weissinger, 91 Ind. 297; Miller v. Firemen's Insurance Co., 54 W. Va. 344, 46 S. E. 181; Bingham et al. v. Insurance Co. of North America, 74 Wis. 498, 43 N. W. 494; Gorge Hotel Co. v. Liverpool L. & G. Ins. Co., 122 App. Div. 152, 106 N. Y. Supp. 732.

The plaintiff, the assured, in this case relies upon the two Oklahoma cases of Taylor v. Insurance Co. of North America, 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906, and St. Paul Fire & Marine Ins. Co. v. Peck, 40 Okla. 396, 139 Pac. 117, as authorities sustaining the trial court in its conclusion that plaintiffs had not waived the return of the unearned premium, and in directing the jury to render a verdict in favor of plaintiffs .

The two cases cited and relied on are clearly distinguishable from the instant case in the following respects: In Taylor v. Insurance Co. of North America, supra, the policy of insurance was left by the assured with the agent of the insurance company, and was in his possession at the time of the attempted cancellation. When the insurance agent informed the assured that the company had canceled the policy, the assured demanded the return of the unearned premium. The agent marked the policy canceled, and returned it to the company, but did not pay

or tender to the assured the unearned premium, notwithstanding his demand for same. There was no voluntary and unconditional surrender by the assured of his policy, no understanding that its surrender by him was made in order that it might be canceled by the company, and no act or conduct on his part which amounted to a waiver. In the case of St. Paul Fire & Marine Ins. Co. v. Peck, supra, the insurance policy had been breached by the assured by placing on the insured property a mortgage, contrary to its terms. The property insured was destroyed, and, the company having failed to pay, suit was brought to recover the amount of the loss according to the terms of the policy. The insurance company contended that the policy became void as soon as the mortgage was given on the property; but, although it knew of the existence of the mortgage for at least 30 days before the trial, it had not returned, or offered to return the unearned premium, which the court properly says it should have done within a reasonable time after learning of the existence of the mortgage, if it elected to cancel the policy for that reason. The policy had not been surrendered for cancellation by the policy holder, and there was no act or conduct on his part which amounted to a waiver of the return of the unearned premium. From the uncontroverted evidence in the instant case we conclude that the policy sued on was surrendered by the assured to the insurance company voluntarily and unconditionally; that the purpose of its surrender was that it might be canceled; and that when it was so surrendered the assured waived his right to treat the policy as in full force and effect until the company had paid him the unearned premium.

For the reasons stated, we are of opinion that the trial court committed error in not sustaining the demurrer of the defendant insurance company to the evidence of the plaintiffs.

The judgment of the court in overruling defendant's demurrer to the evidence of plaintiff is therefore reversed, with direction that judgment be entered for the defendant.