## COMMERCIAL UNION FIRE INS. CO. OF NEW YORK v. MILLER, Ex'r, et al.

No. 16579—Opinion Filed April 27, 1926.

Rehearing Denied Sept. 7, 1926.

**1. Insurance—Cancellation of Policy—Return of Unearned Premium as Prerequisite.**

The return of the unearned premium is essential to a cancellation by the company, where the policy, among other things, provides, "When this policy is canceled by this company by giving notice, it shall retain only the pro rata premium."

**2. Appeal and Error—Affirmance—Judgment Supported by Evidence.**

Where the evidence reasonably tends to support the verdict of the jury and the judgment of the court based thereon, this court will not reverse the same.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by F. H. Miller, executor of the last will and testament of L. H. Miller, deceased, and F. H. Miller, against the Commercial Union Fire Insurance Company of New York. Judgment for plaintiffs, and defendant brings error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Champion, Champion & George for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Carter county by the defendants in error, as plaintiffs, against plaintiff in error, as defendant, to recover the sum of $3,000, the face value of a certain fire insurance policy, covering a brick store building belonging to said plaintiffs, which was destroyed by fire.

Plaintiffs set forth in their petition all of the necessary allegations entitling them to recover upon the insurance policy as against the defendant, the Commercial Union Fire Insurance Company of New York. The defendant, insurance company, filed its answer, and, as a defense, avers that said insurance policy sued on by plaintiffs "was canceled by a mutual oral agreement between plaintiffs and this defendant" on the 14th day of March, 1924, and prior to the loss sustained by fire, which occurred in May, 1924, and that said policy has been at all times since March 14, 1924, and still is canceled, and further avers "that the premium for said policy of insurance had never been paid to this defendant, either prior to or subsequent to said cancellation." And that on March 14, 1924, defendant sent to the plaintiffs notice of the cancellation of said policy of insurance, which was duly received by the plaintiffs, and say that no return premium was paid because of the fact that the premium had never been paid by the plaintiffs, and that it was the intention of the defendant to give credit to

plaintiffs' account in the sum of $43.85, the unearned premium on said policy.

To defendant's answer the plaintiffs file their reply and deny all the affirmative matters set up as a defense to plaintiffs' cause of action, and specifically deny that plaintiffs on or about the 14th day of March, 1924, or at any other time, agreed with the defendant, or its agent, that the policy of insurance sued upon herein should be canceled, but that they have at all times insisted that said policy was in full force and effect. Further replying, plaintiffs allege that they are the owners of several pieces of property in Carter county, and that for several years prior to to the summer of 1922, they transacted their insurance business with W. A. Wolverton & Company of Ardmore, Okla., that W. A. Wolverton was the sole owner and general manager of said company, and that in the year of 1922, the said Wolverton was indebted to the plaintiffs in the sum of approximately $1,000 for borrowed money, and the said Wolverton & Company had theretofore issued several insurance policies covering the property of these plaintiffs, whereby these plaintiffs became indebted to said Wolverton & Company for the premiums on said insurance policies, and that payment of premiums due by these plaintiffs was made by Wolverton & Company giving credit on their indebtedness to said plaintiffs for the amount of the various premiums; that in July, 1922, Wolverton & Company sold their insurance business to the defendant Shores & Company, and that the said W. A. Wolverton maintained his office in connection with the defendant Shores & Company, and shortly after the sale of said insurance business, the said Wolverton approached these plaintiffs and informed them that he would continue to look after their business, and continue to keep their property insured, and that the premiums on the policies thereafter written could and would be applied towards the payment of the remainder of the indebtedness of said Wolverton to these plaintiffs, until said indebtedness was paid in full. Plaintiffs agreed to this arrangement, and pursuant to such agreement, thereafter, there was delivered to the plaintiffs, without their solicitations, various fire insurance policies issued by the defendant Shores & Company, including the policy sued on herein, and the plaintiffs were under the impression at the time of the delivery of said insurance policies that the premiums had been taken care of by the said Wolverton as agreed.

The business seems to have continued without any controversy for a period of about one year, at which time the plaintiffs learned that the defendant Shores & Company claimed that there were certain premiums on fire insurance policies theretofore issued to plaintiffs past due and unpaid, and on or about the 26th day of July, 1923, the plaintiff L. H. Miller called at the office of Shores & Company, defendant, to ascertain the status of said account, and then learned that defendant claimed that plaintiffs were indebted to them for premiums on various insurance policies in the sum of $461.80, which included the premium on the policy here involved, and defendant demanded payment of said sum, whereupon plaintiffs informed the defendant Shores & Company that said W. A. Wolverton was to take care of said indebtedness and pay said premium. Plaintiffs contend that W. A. Wolverton was present on this occasion, and that there was an agreement entered into between the plaintiff L. H. Miller, acting for these plaintiffs, the defendant Shores & Company, and W. A. Wolverton, whereby it was agreed that the said Wolverton would pay to Shores & Company, and defendant agreed to look to Wolverton for the premiums, to the amount of $190.10, and plaintiffs allege that the said L. H. Miller at that time gave his check to the defendant Shores & Company for the remainder of the premiums, to wit, $270.70, and indorsed on said check "in full for insurance to date, paid July 26, 1923."

Plaintiffs allege that said check was accepted and cashed by the defendant, but that the defendant on presentation of the check at the bank made the following indorsement, "Accepted in part payment and applied on the account of L. H. Miller and F. H. Miller (Signed) Shores & Company." Plaintiffs allege that they had no knowledge of, and did not consent to this indorsement. Plaintiffs further allege in their reply that at the time, to wit, March 14, 1924, when defendant sought to cancel the policy here involved, the plaintiff L. H. Miller stated to the agent of the defendant Shores & Company that he would submit to the cancellation of same, and deliver the policy if they would return the unearned premiums on a "pro rata" basis, as provided for in the insurance policy, in the event the policy is canceled at the instance of the company, whereas if the policy is canceled at the instance of the insured the return premium is computed on a short rate basis.

Upon the issue thus joined the cause

was submitted to the court and jury, and a verdict returned in favor of the plaintiffs and against the defendant, and judgment was rendered by the court for the amount sued for, to wit, $3,000, from which judgment the appellant prosecutes this appeal, and sets forth numerous assignments of error, but presents in its brief only two propositions: First, was the policy canceled? and, second, was there an accord and satisfaction? The virtue of these propositions in our judgment is determined by the evidence in the case, and this seems to be the burden of appellant's contention, that the evidence was insufficient to sustain the verdict of the jury and the judgment of the court.

The evidence as disclosed by the record is conflicting, but we are inclined to the opinion that it is sufficient to sustain the judgment appealed from. There is no question but that Wolverton was indebted to the plaintiffs, Miller Brothers, and that the insurance was written without any solicitation on the part of the defendant Shores & Company, and evidently at the instance of Wolverton, pursuant to the agreement as contended for by the plaintiffs with Wolverton, and this agreement and procedure apparently was acquiesced in and recognized by all the parties concerned for a period of about one year. A number of policies were issued by the defendant Shores & Company upon the property of the plaintiffs, and delivered, and no controversy seems to have arisen until about July, 1923, at which time a settlement was made, according to plaintiffs' contention. Up to the alleged settlement there is no conflict in the evidence, and on this point the defendant admits that the plaintiffs had contended at all times that the premium was paid by reason of the settlement made on the 26th day of July, 1923, and taking all of the facts and circumstances in connection with the testimony of Dr. Miller, one of the plaintiffs, who states positively that there was such an agreement, and that defendant agreed to look to W. A. Wolverton for the balance of the premium, we think the evidence ample to sustain the verdict of the jury and judgment of the court, and having reached this conclusion, the other questions raised are rendered of no consequence, because the defendant does not contend that it ever tendered back any portion of the unearned premium, nor does it offer to refute the statement of plaintiffs that they were willing and agreed to the cancellation of the policy of insurance if the defendant would return the unearned premium on a pro rata basis. The policy issued contained the following provision:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled, as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned or surrendered of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium."

This court has held in the case of Taylor v. Insurance Company of America, 25 Okla. 92, 105 Pac. 354, and St. Paul Fire & Marine Insurance Co. v. Peck, 40 Okla. 396, 139 Pac. 117, that it is necessary to make an actual tender or return of the unearned portion of the premium calculated upon a pro rata basis, before the cancellation will become effective, where the policy is canceled at the instance of the insurance company, and this same doctrine has been announced by the court of many other states of this Union; hence, we conclude that there is no merit in the contention of appellant, and therefore find that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. pp. 141, 142, § 166; anno. 13 L. R. A. (N. S.) 885; L. R. A. 1916F, 444; 14 R. C. L. p. 1012; 3 R. C. L. Supp. p. 329. (2) 4 C. J. p. 853 § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. 433, 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.