**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GRAIN DEALERS MUTUAL
INSURANCE COMPANY,

Plaintiff – Appellee,

v.

CARL HILL, doing business as JHC
Management Financial Corp.,

Defendant – Appellant.

No. 06-7060
(D.C. No. 04-CV-019-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

Carl Hill appeals the district court's order granting summary judgment to

his former insurer, Grain Dealers Mutual Insurance Co. ("Grain Dealers"). Hill

contends that Grain Dealers' attempt to cancel his insurance coverage violated his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

policy and state law. Therefore, he argues, the policy remained in effect at the time his business was destroyed by fire. We conclude that Grain Dealers did not comply with the terms of the policy when it canceled Hill's coverage. Accordingly, we **REVERSE** the district court's judgment and **REMAND** for further proceedings.

**I**

In May 2003, Hill renewed his insurance policy with Grain Dealers to cover his business from May 28, 2003 to May 28, 2004. He elected to pay monthly installments of $145.50, except for the first payment of $301 which he made on May 12, 2003. Hill contends that this payment consisted of a $20 past due amount, and two monthly payments. Future payments were due on the 28th of each month. In June, Grain Dealers sent Hill a bill requesting payment of $145.50 by June 28. He sent this payment late, on July 9; Grain Dealers received it on July 14. In the meantime, Grain Dealers had issued a cancellation notice on July 7, demanding payment of $306 by July 27. The notice stated that, if payment was not received by that date, the policy would be canceled effective July 27 at 12:01 a.m. The $306 figure represented two monthly payments, plus a late fee. Hill claims he never received this notice.

Grain Dealers cashed Hill's July 9 check, but did not reinstate the policy because the payment was for less than the full amount demanded. It sent Hill a refund check on August 20, after deducting a $20 late fee. Hill's business was

destroyed by fire on August 29. In a cruel twist of fate, he received Grain Dealers' refund check the next day. Grain Dealers refused to cover Hill's losses on the ground that the policy had been canceled effective July 27.

Invoking diversity jurisdiction under 28 U.S.C. § 1332, Grain Dealers filed suit seeking a declaratory judgment that it had no contractual obligation to Hill after the policy was canceled on July 27, 2003. The district court granted Grain Dealers' motion for summary judgment, concluding that it had followed the required procedures to cancel the policy. The district court's order did not explain, however, why Grain Dealers could accelerate the payment schedule to demand payment of the July 28 premium on or before July 27, or why it could reject the $145.50 payment sent on July 9 for the July premium.

**II**

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. Lanman v. Johnson County, 393 F.3d 1151, 1154-55 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The parties agree that Oklahoma state law controls. In this diversity case, we must "apply Oklahoma law with the objective that the result obtained in the

federal court should be the result that would be reached in an Oklahoma court."

Blanke v. Alexander, 152 F.3d 1224, 1228 (10th Cir. 1998) (quotation omitted).

"To ascertain the nature of [an insurer's] contractual obligations to [the insured] . . . we must examine the provisions of the policy." May v. Mid-Century Ins. Co., 151 P.3d 132, 140 (Okla. 2006). Hill's insurance contract included a section entitled, "Commercial Direct Bill Payment Plan," which provides:

Cancellations

Any monthly bill not paid within the payment grace period will automatically prompt a cancellation notice for nonpayment of premium. The effective date of cancellation will be the later of either the paid premium earned date or determined according to the number of state legal days, plus mailing time. This will vary between states.

. . .

Reinstatements

We will automatically reinstate the policy when at least the past due premium is received and the payment envelope is post marked [sic] prior to the cancellation date. There is no reinstatement fee; however, there is an NSF fee of $20.00 for any non-sufficient funds payment.

(emphasis added).

Grain Dealers, as the insurer and drafter of the insurance contract, carries the burden of establishing its right to demand that the payment due July 28 be paid on or before July 27, as well as its right to reject Hill's late payment for the July premium. See Liverpool, London & Globe Ins. Co. v. Tharel, 174 P. 773,

-4-

774 (Okla. 1918) (holding burden is on insurance company to demonstrate strict compliance with insurance contract's cancellation provisions); see also Metro. Life Ins. Co. v. Rosier, 117 P.2d 793, 796 (Okla. 1941) (stating "all doubt arising from ambiguities and conflicting provisions is resolved against the one who prepared the [insurance] contract").

Grain Dealers received Hill's past-due payment, postmarked July 9, well before the July 27 cancellation date. Under the "Reinstatements" policy provision quoted above, it was then required to "automatically reinstate the policy." Grain Dealers maintains that the July payment could not reinstate the policy because the policy had not yet been canceled. This argument is plainly meritless. The "Reinstatements" provision explicitly states that the policy will be reinstated if payment is mailed "prior to the cancellation date." The term "reinstatement," as used in the policy, clearly applies to situations in which a cancellation notice has been issued, but that policy has yet to be cancelled.

To the extent that the term "reinstatement" could be considered ambiguous, it must then be construed against Grain Dealers. See McMinn v. City of Oklahoma City, 952 P.2d 517, 522 (Okla. 1997) ("If terms in the contract are ambiguous, it must be construed against the drafter of the contract."); see also Max True Plastering Co. v. U.S. Fid. & Guar. Co., 912 P.2d 861, 869 (Okla. 1996) ("The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law."). Accordingly, we reject Grain

Dealers' argument that it could not reinstate Hill's policy because it was not yet cancelled.

We also construe the phrase "at least the past due premium" against Grain Dealers. On July 27, the date of cancellation, only the June 28 premium was past due. The second $145.50 included in the cancellation notice was not due until July 28. Grain Dealers asserts, without citation to the record, that it "was fully within policy terms to also include the July premium payment." But it is incumbent upon Grain Dealers, not Hill, to cite to a policy provision or legal authority permitting it to accelerate the due date for the July 28 payment. It has not done so. The cancellation notice also demanded payment of a late fee. However, construing the policy in favor of Hill, we conclude that a late fee is not a part of the "past due premium." Accordingly, Hill's July payment of $145.50, not the $306 demanded by Grain Dealers, satisfied his obligation to pay the "past due premium" and Grain Dealers has not established its right to cancel Hill's insurance coverage.

We recognize that Hill did not make the payments due on July 28 and August 28. He states that he did not receive a bill and did not realize he owed a payment. Grain Dealers did not send a bill because it had purportedly canceled the policy. Nevertheless, an insurance policy remains in effect until it is properly canceled. See Commercial Union Fire Ins. Co. v. Miller, 248 P. 1112, 1112-14 (Okla. 1926); see also Empire Fire & Marine S. Co. v. Spurlock, 593 P.2d 768,

-6-

770 (Okla. 1979) (holding workers' compensation insurance policy remained in effect because it was not canceled pursuant to statutory requirements). Because Grain Dealers' attempt to cancel the policy was ineffective, the policy remained valid notwithstanding Hill's failure to pay the premiums due July 28 and August 28. See Bankers' Reserve Life Co. v. Rice, 226 P. 324, 326 (Okla. 1924) ("The mere default in payment by the insured does not affect the validity of the contract of insurance. The provision in the note amounts only to an option in favor of the company to forfeit the insurance, if it should elect to do so.").

### III

Finally, Hill asserts claims against Grain Dealers for breach of contract, bad faith, and estoppel. Grain Dealers maintains that these claims were not properly before the district court. We do not address this issue, leaving it for the district court to determine. Grain Dealers' motion to file a surreply brief to address this dispute is **DENIED**.

### IV

The judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this order and judgment.

Entered for the Court


Carlos F. Lucero
Circuit Judge